HANCOCK KNITTING MILLS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16520. Promulgated February 25, 1929.

*Theodore B. Benson, Esq.*, for the petitioner.
*F. O. Graves, Esq.*, for the respondent.

## OPINION.

LITTLETON: This proceeding was submitted on the petition and answer. The revenue agent's report was placed in the record, not as evidence of the statements therein contained but for the limited purpose of showing how the Commissioner computed the tax.

The petitioner alleges, and the Commissioner admits, that in determining what portion of the January 15 and July 15 dividends were paid from current earnings, the Commissioner reduced the gross earnings to the dividend dates by the amount of a tentative tax. The computation of tax in the agent's report shows that this is not the case in respect of the January 15 dividend. In fact, the computation shows that that dividend was treated as having been paid out of the surplus at the beginning of the year, and not out of current earnings. The reduction of gross earnings by the amount of a tentative income and profits tax, for the purpose of determining the earnings available for distribution at July 15, is contrary to the decision of this Board in *L. S. Ayers & Co.*, 1 B. T. A. 1135, and, accordingly, is disapproved.

The second assignment of error is that the Commissioner failed to restore to invested capital the amount of the dividend paid on July 15, 1920. The petitioner alleged, and the Commissioner admitted, that before deducting from invested capital the sums of $72,131.15 and $7,419.46, representing the portions of the dividends determined to have been paid in excess of current earnings, the Commissioner included in capital and surplus the sum of $75,000, representing the dividend paid January 15, 1920, but did not include therein the sum of $75,000 representing the dividend paid July 15, 1920. As we understand petitioner's claim in respect of this assignment of error, it is that the Commissioner excluded the amount of the July 15, 1920, dividend from surplus as of the beginning of the year. The Commissioner admits that he did this. There is no evidence to show that the surplus at December 31, 1919, as determined by the Commissioner in the amount of $664,140.63, should be increased by the amount of $75,000 and if the dividend of $75,000 paid on July 15, 1920, represented earnings from January 1, 1920, to July 15, it would have no effect upon invested capital for 1920.

*Judgment will be entered under Rule 50.*